May Term, 1858.

McGREGOR
v.
AXE.

*Wednesday,*
*June 2.*

---

## McGREGOR and Wife *v.* AXE and Wife.

In a suit in chancery, where the code of 1852 was in force at the time of the finding or decree, the failure to move for a new trial is fatal to an appeal to the Supreme Court.

*Wednesday,*
*June 2.*

APPEAL from the *Wayne* Circuit Court.

*Per Curiam.* — This was a bill in chancery by the appellees against the appellants, to set aside a conveyance of certain real estate, on the ground of fraud, and to enjoin an action pending, on the covenants in the deed.

The cause was submitted to the Court for hearing at the *March* term, 1853, but no decision was then pronounced.

At the *August* term of the same year, on leave given, the complainants introduced additional testimony over the objection of defendants, and thereupon the Court pronounced its decree for the complainants.

No motion was made for a new trial, but several exceptions were taken to the proceedings below.

It is assigned for error, first, that there was no equity to authorize the decree on the pleadings and evidence, as the case stood at the *March* term, 1853, when it was submitted; and secondly, that the Court erred in receiving testimony after the cause was submitted, against the objections of the defendants.

As the Revised Statutes of 1852, by which the distinction between actions at law and suits in equity is abolished, was in force at the time the decree or finding of the Court in this case was pronounced, we think the case must be governed by the code. 2 R. S. p. 223, § 799.

A motion for a new trial was necessary to have been made in the Court below, in order to present any question for the determination of this Court. *Doe* v. *Herr et al.*, 8 Ind. R. 24.

The judgment is affirmed with costs.

*C. H. Test, J. M. Wilson* and *G. W. Julian*, for the appellants.

*J. Perry*, for the appellees.